17-1466-cv
Hernandez v. Riverside Builders, Inc., et al.

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20ᵗʰ day of December, two thousand seventeen.

PRESENT: GUIDO CALABRESI,
RAYMOND J. LOHIER, JR.,
*Circuit Judges*,
EDWARD R. KORMAN,
*District Judge*.*

_____

FRANK HERNANDEZ,

*Plaintiff-Appellant*,

v.                                                              No. 17-1466-cv

---

* Judge Edward R. Korman, of the United States District Court for the Eastern District of New York, sitting by designation.

RIVERSIDE BUILDERS, INC., ESTEBAN ESPINOZA,

Defendants-Appellees,

FEDERICO,

Defendant.

_____

FOR APPELLANT: Frank Hernandez, *pro se*, New York, NY.

FOR APPELLEES: Robert Jay Gumenick, Robert J. Gumenick, P.C., New York, NY.

Appeal from orders of the United States District Court for the Southern District of New York (Andrew J. Peck, *Magistrate Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the appeal is DISMISSED in part for lack of jurisdiction and the District Court's order declining to vacate the settlement agreement is AFFIRMED.

Frank Hernandez, pro se, appeals from the District Court's August 22, 2016 order of dismissal on consent and its April 28, 2017 endorsement denying his request to vacate the settlement agreement and order of dismissal. We assume the parties' familiarity with the facts and record of the prior proceedings, to which

we refer only as necessary to explain our decision to dismiss in part and affirm in part.

We dismiss the appeal for lack of jurisdiction to the extent that Hernandez attempts to challenge the consent order of dismissal. Hernandez's May 2017 appeal is untimely to challenge that order. See Fed. R. App. P. 4(a)(1)(A), (7)(A); see also Bowles v. Russell, 551 U.S. 205, 214 (2007) ("[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement."). Moreover, unless a party unequivocally reserves the right to appeal, which Hernandez did not do, "[a]ppeal from a consent judgment is . . . unavailable on the ground that the parties are deemed to have waived any objections to matters within the scope of the judgment." LaForest v. Honeywell Int'l Inc., 569 F.3d 69, 73 (2d Cir. 2009).

We otherwise liberally construe Hernandez's filings in the District Court and his arguments on appeal, see Harris v. Miller, 818 F.3d 49, 56 (2d Cir. 2016), and we conclude that the appeal is timely to the extent that Hernandez challenges the District Court's April 2017 endorsement of the settlement agreement between the parties. We construe that endorsement as the denial of a request to vacate the settlement pursuant to Federal Rule of Civil Procedure 60(b), which we

review for abuse of discretion. See Manning v. N.Y. Univ., 299 F.3d 156, 162 (2d Cir. 2002). We identify no abuse of discretion here. Even when liberally construed, neither Hernandez's filings in the District Court nor his briefs on appeal point to any legal or factual basis for vacating the settlement, such as a violation of the settlement agreement or misconduct by the defendants. Hernandez alleges only that there are continuing consequences arising from the termination that was the subject of his original complaint. Those consequences are covered by the settlement and are not subject to appeal. See LaForest, 569 F.3d at 73.

We have considered Hernandez's remaining arguments and conclude that they are without merit. For the foregoing reasons, the appeal is DISMISSED in part for lack of jurisdiction, and the District Court's order declining to vacate the settlement agreement is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

4